IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CAROLINE S. BARNETT, | § |
| | § No. 1:24-cv-124 |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| JOE BIDEN, ET AL., | § |
| | § |
| Defendants. | § |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE; AND (2) DISMISSING WITH PREJUDICE PLAINTIFF'S CAUSE OF ACTION

Before the Court is a Report and Recommendation ("Report") submitted by United States Magistrate Judge Mark Lane. (Dkt. # 15.) The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Lane's recommendation. Plaintiff's cause of action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. Section 1915(e)(2)(B).

BACKGROUND

Plaintiff filed a complaint on January 31, 2024, purporting to sue over seventy defendants, including President Joe Biden, Texas Governor Greg Abbott,

U.S. District Judge Robert Pitman, U.S. Magistrate Judge Dustin M. Howell, the entire U.S. Court of Appeals for the Fifth Circuit, and HEB.  (Dkt. # 1 at 10– 30.)  Plaintiff alleges negligence and an unspecified claim under the Federal Fort Claims Act.  (Id. at 10.)  Plaintiff further alleges one claim of "Nebraska aggravated assault," presumably against Defendant 68, State of Nebraska.  (Id. at 29.)  Plaintiff predominately complains Defendants are using witchcraft, including sexual harassment rituals, to damage Plaintiff's internal organs.  (Id.)

Judge Lane issued a Report and Recommendation on February 14, 2024, recommending the Court dismiss Plaintiff's claims as frivolous because they describe "fantastic or delusional scenarios."  (Dkt. # 15 at 4–5 (quoting Neitzke v. Williams, 490 U.S. 319, 327–28, (1989)).  Plaintiff filed a Motion requesting Judge Lane's recusal on February 20, 2024 (Dkt. # 23) and mailed a handwritten, five-page letter of further objections to the Court ("OB").

## APPLICABLE LAW

The Court must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.

Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). Plaintiff's baseless request for recusal is not an objection to the Report and Recommendation. Idrogo v. Nirenberg, No. 5:19-CV-00804-OLG, 2020 WL 10056301, at *1 (W.D. Tex. Mar. 23, 2020). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

### DISCUSSION

I.  Plaintiff's Objections are Frivolous, Conclusive, and Baseless

Plaintiff submitted objections to the Court that are frivolous and lack foundation in law or reality. Plaintiff objects that Judge Lane incorrectly found her claims should be dismissed under 28 U.S.C. Section 1915(e)(2) for being frivolous. Plaintiff claims that making frivolous allegations without any basis in fact is not a reason for dismissing a case with prejudice. (OB at 1.) This is directly contrary to Fifth Circuit precedent. Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir.

1987) (finding a district court need not consider "[f]rivolous, conclusive, or general objections.")

Plaintiff also filed a Motion asking Magistrate Judge Mark Lane to recuse himself. (Dkt. # 23.) She says, "[Judge Lane] please recuse and send my case to San Antonio. You've been a judge long enough to catch it. I have sufficient evidence on person. Tell them to stop using the girls." (Id.) Plaintiff gives absolutely no basis for Judge Lane to recuse himself other than he found her allegations to be frivolous. A plaintiff's baseless request for recusal is not an objection that a district court need credit or address. Idrogo v. Nirenberg, No. 5:19-CV-00804-OLG, 2020 WL 10056301, at *1 (W.D. Tex. Mar. 23, 2020).

Plaintiff gives the conclusory objections that the confessions in her complaint are all true, that the facts of the case have been admitted, and that a "group demonstrated [there] are facts by repeating allegations in his presence and presence of judges who refused to acknowledge witchcraft being cause of corruption." (OB at 5.) Plaintiff also concludes the case should have been sent to San Antonio, Texas, and that she is entitled to a female judge because of her allegations of sexual misconduct in the complaint. (Id. at 3.) Plaintiff also gives the frivolous objections that there is a warrant in Selma, Texas that needs to be dismissed, that "vehicle funds" should be immediately released, and that defendants have negatively "interfered" in the case. (Id. at 1–4.) These statements

lack merit, and the Court need not address frivolous and baseless objections. Battle, 834 F.2d at 421.

As Plaintiff has made no specific, non-frivolous objections to Magistrate Judge Lane's findings, this Court determines whether Judge Lane's Report is clearly erroneous or contrary to law. Wilson, 864 F.2d at 1221.

II.     Judge Lane's Report is Free of Error

In his report, Judge Lane found that Plaintiff's cause of action should be dismissed pursuant to 28 U.S.C. 1915(e)(2).

Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory" and lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327–28.

While courts liberally construe pro se complaints in favor of the plaintiff, pro se status does not provide plaintiffs with an "impenetrable shield."

Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Farguson v. MBank Houston N.A., 808 F.2d 358, 359 (5th Cir. 1986).  Pro se plaintiffs have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  Farguson, 808 F.2d 359.

Judge Lane found that Plaintiff Barnett's claims lack an arguable basis in fact because they describe "fantastic or delusional scenarios."  See Neitzke, 490 U.S. at 327–28.  This Court finds no clear error in Judge Lane's assessment.

Plaintiff in her complaint sues an ever-growing list of defendants. (Dkts. # 1, 51.)  Plaintiff states her "Reason to sue. County refusing to stop rituals that are causing damages. Witchcraft is connected to my uterus[] and other internal organs."  (Dkt. # 1 at 29.)   She continues, "[t]he county have [sic] been doing sexual harrassment [sic] rituals that obstruct policy as they disturb the peace. It is emotional, Psychological and physically damaging. Women and males are being heard having sexual intercourse consecutively while connected to my person." (Id.)

The Complaint and Plaintiff's later motions grow increasingly incomprehensible and fantastical.  For illustration, the Complaint alleges at one point, "Sexual Harassment rituals, where witchcraft plays a part on tortures of a human being. They prepare altars and order mystical items with personal items of the intended person."  (Id.) (grammatical errors in original).  Barnett seeks relief,

6

including a "[v]ehicle for plaintiff to be paid in full By the City council of Austin" and an "IMMEDIATE order to stop Witchcraft . . . ."  (Id. at 5.)  In her handwritten objections, Plaintiff elaborates that she needs a vehicle of her choice from "Covert and or Audi North Austin" and that she requires "vouchers for hotel stay… as soon as possible."  (OB at 5.)

While this Court is sympathetic to Plaintiff's obvious distress, her situation is not one that can be addressed within the bounds of this litigation.  The Court agrees with Judge Lane that Plaintiff's cause of action should be dismissed with prejudice.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. Section 19(e)(2)(B).  (Dkt. # 15.)  All pending motions are thereby ordered **TERMINATED**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, March 28, 2024.

_____
David Alan Ezra
Senior United States District Judge